HENRY E. FARBER (CA State Bar No. 110553)
DAVIS WRIGHT TREMAINE LLP
777 108th Avenue NE
Bellevue, Washington  98004-5149
Telephone:   (425) 646-6100
Facsimile:    (425) 646-6199
henryfarber@dwt.com

KATHLEEN D. POOLE (CA State Bar No. 228815)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California  94111-6533
Telephone:   (415) 276-6500
Facsimile:    (415) 276-6599
kathleenpoole@dwt.com

Attorneys for Defendants
MATHESON POSTAL SERVICES, INC.
and MARCO BARRAGAN

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JORGE ANGULO, an individual, | Case No. C08-00146 |
| Plaintiff, | **PARTIES' INITIAL CASE MANAGEMENT STATEMENT** |
| v. | |
| MATHESON POSTAL SERVICES, a California Corporation, MARCOS BARRAGAN, and DOES 1-25 inclusive, | Date:   April 28, 2008<br>Time:   4:00 p.m.<br><br>Hon. Bernard Zimmerman |
| Defendants. | |

1

PARTIES' INITIAL CASE MANAGEMENT STATEMENT                               SFO 406253v1 0050734-000018

The parties jointly submit this Initial Case Management Statement:

## PRELIMINARY COMMENTS REGARDING PROCEDURAL STATUS OF THE CASE

A few preliminary comments regarding the procedural status of the case may be helpful to the Court:

- Plaintiff Jorge Angulo ("Plaintiff") originally filed a claim before the Department of Fair Employment and Housing, claiming that he was retaliated against because he, a postal services carrier, was allegedly given a different mail route upon his return from leave of absence. On or about March 26, 2007, Plaintiff filed a state court Complaint alleging the same violations. Defendants were not served until December, 2007.
- On January 9, 2008, Defendants removed this case to federal court.

**1) Jurisdiction and Service.** This Court has original jurisdiction over claims asserted under the Family and Medical Leave Act ("FMLA"); *see* 29 U.S.C. section 2617 (explicitly stating that actions under the Family and Medical Leave Act ("FMLA") may be "maintained" in federal court). Pursuant to 28 U.S.C. section 1367, this Court is also vested with the authority to exercise supplemental jurisdiction over the remaining claim in Plaintiff's Complaint. Plaintiff's state law claim forms "part of the same case or controversy under Article III of the United States Constitution."

All parties to the action have been served, and personal jurisdiction and venue are not contested in this case.

**2) Facts.** Plaintiff is employed by Defendant Matheson Postal Services, Inc. ("Matheson") as a driver. Matheson has contracted with the United States Postal Service ("USPS") to provide drivers (including Plaintiff) to the USPS. Plaintiff works in one of approximately four non-union positions that are covered by the USPS contract, and USPS periodically notifies Matheson of changes in the drivers' routes and schedules.

In September 2005, Plaintiff took leave under the FMLA and the California Family Rights Act ("CFRA"). Plaintiff returned to the same driver position in December 2005. As of April 21, 2008, Plaintiff is still employed by Matheson as a driver.

The material factual issues in dispute are as follows: (1) whether upon Plaintiff's return from leave taken under the FMLA and CFRA, Plaintiff's duties, pay and benefits were similar to those in place in the period prior to his taking leave; (2) whether Defendants materially changed Plaintiff's schedule; (3) whether Defendants had legitimate business reasons for purportedly changing Plaintiff's schedule; (4) whether any purported failure to restore Plaintiff to a comparable or equivalent position damaged Plaintiff, and if so, the amount of such damage.

**3) Legal Issues.**  The substantive legal issues known to Defendants are the following: (1) the standard under the FMLA and CFRA for "equivalent" or "comparable" job positions; (2) whether Plaintiff failed to exhaust his administrative remedies and/or otherwise comply with applicable statutes of limitations; (3) the standard for legitimate business reasons under the FMLA and/or CFRA; (4) whether Defendant Marco Barragan may be personally liable under the FMLA and/or CFRA; (5) whether either party is entitled to legal fees.

**4)** **Motions.**

There are no pending motions.

Defendants anticipate bringing a motion to dismiss and/or a motion for summary judgment to dispose of the case or to narrow the issues to be litigated.

**5)** **Amendment of Pleadings.**   See response to 4.

**6)** **Evidence Preservation.**  Defendants have taken appropriate steps to preserve documents, both paper and electronic, that are potentially relevant to Plaintiff's claims.

**7)** **Disclosures.**  Defendants will exchange initial disclosures in compliance with the requirements of Rule 26(a) by May 23, 2008.

**8)** **Discovery.**  No formal discovery has been initiated.

Defendants propose the following discovery plan.

  a.   Changes in Timing, Form and Requirements of Initial Disclosures

Defendants propose that the initial disclosures be completed by May 23, 2008.

  b.   Subjects On Which Discovery May Be Needed

Defendants plan to request documents from Plaintiff and conduct his deposition within sixty (60) days.

  c. <u>Changes To Limitations Of Discovery Under Federal Rules Of Civil Procedure</u>

No changes to the limitations imposed under the Federal Rules and or local rules are anticipated at this time.

  d. <u>Dates For Conclusion Of Discovery</u>

See response to 17.

  e. <u>Other Orders Relating to Discovery</u>

Defendants anticipate a potential need for protective orders covering some of the information Plaintiff seeks through discovery.

**9)**   **<u>Class Actions.</u>** Not applicable.

**10)**   **<u>Related Cases.</u>** None.

**11)**   **<u>Relief.</u>** Defendants do not affirmatively seek relief at this time, although Defendants will be seeking fees and court costs at a later juncture.

**12)**   **<u>Settlement and ADR.</u>** The parties have not engaged in any ADR efforts to date, but have engaged in informal settlement discussions. In accordance with ADR Local Rule 3-5, Defendants request that the case be assigned to Early Neutral Evaluation ("ENE").

**13)**   **<u>Consent to Magistrate Judge.</u>** Defendants consent to assignment of this case to a magistrate judge.

**14)**   **<u>Other References.</u>** The case is not suitable for reference to binding arbitration, or a special master, or the Judicial Panel on Multidistrict Litigation.

**15)**   **<u>Narrowing of Issues.</u>** The parties will endeavor to narrow the issues by stipulation prior to trial. In addition, Defendants may seek to further narrow the issues by motion for summary judgment and/or motion to dismiss.

**16)**   **<u>Expedited Schedule.</u>** The parties do not seek an expedited schedule.

**17)**   **<u>Scheduling.</u>**

  a. <u>Designation of Experts</u>. The parties propose that the experts be designated no less than 90 days prior to the designated trial date.

  b. <u>Close of Discovery</u>. The parties propose that the close of discovery occur no less than 60 days prior to the designated trial date.

   c. <u>Dispositive Motions</u>.  The parties propose that all dispositive motions be filed no less than 60 days prior to trial.

   d. <u>Pretrial Conference</u>.  The parties propose that the pretrial conference be held 14 days before trial.

**18)**  **Trial.**  Plaintiff has demanded a jury trial.  Defendant expects the trial to last one to two days.  Plaintiff expects the trial to last two to three days.  The parties propose a trial date in November 2008 or January 2009.

**19)**  **Disclosure of Non-Party Interested Entities or Persons.**  On January 9, 2008, Defendants filed a Certificate of Interested Parties.

  The parties have not identified any other entities or persons that could have an interest in this action.

**20)**  **Other Matters.**  The parties are not aware of any additional matters that may facilitate the just, speedy and inexpensive disposition of this matter.

DATED this 21st day of April 2008.

      Respectfully submitted,
      DAVIS WRIGHT TREMAINE LLP


      By: */s/ Kathleen D. Poole*
        Kathleen D. Poole

      Attorneys for Defendants
      MARCO BARRAGAN and MATHESON
      POSTAL SERVICES, INC.


      TENAX LAW GROUP, P.C.


      By: */s/ Christopher E. Arras*
        Christopher E. Arras

      Attorneys for Plaintiff
      JORGE ANGULO

DAVIS WRIGHT TREMAINE LLP